No CV-3(1)

FILED

1  Peter Strojnik (Sr.),
2  2375 East Camelback Road Suite 600
   Phoenix, Arizona 85016
3  Telephone: (602) 524-6602
   ps@strojnik.com
4

2018 DEC 10 PM 2: 29

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

5              **UNITED STATES DISTRICT COURT**
6              **CENTRAL DISTRICT OF CALIFORNIA**

**LACV18 10237 - MWF - JEMx**

7                          Case No.

8  Peter Strojnik (Sr.),                    **VERIFIED COMPLAINT**

9                          Plaintiff,        1.  **Americans with Disabilities**
10                                               **Act**
                                            2.  **Discrimination in Public**
11              vs.                              **Accommodations (State**
                                                 **Law)**
12  Marriott International, Inc. dba Le      3.  **Negligence**
    Meridien Delfina
13                                          **JURY TRIAL REQUESTED**
14
                          Defendant.
15

16  1.  Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42
17      U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department
18      of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil
19      Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled
20      Persons Act ("DPA") and (4) common law of negligence per se.

                              **PARTIES**
21
22  2.  Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and
23      DPA.
24  3.  Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is
25      and, at all times relevant hereto has been, legally disabled by virtue of a severe right-
26      sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer
27      and renal cancer, degenerate right knee and is therefore a member of a protected
28      class under the ADA and Unruh.

PAID

DEC 10 20__

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 530 Pico Blvd. Santa Monica, CA 90405 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

### JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the Santa Monica area and therefore, reviewed vacation booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

21. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

22. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

23. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

24. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

25. Plaintiff booked a room and stayed the night on November 8, 2018 at the Defendant's hotel.

26. The removal of accessibility barriers listed above is readily achievable.

27. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

28. Plaintiff realleges all allegations heretofore set forth.

29. Plaintiff intended to visit the San Francisco area and spend a night there.

30. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

31. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

32. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

33. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

34. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

35. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

36. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

37. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

38. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

39. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT TWO
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

42. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

43. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

44. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

45. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e.  For damages in an amount no less than $1,000.00 per violation per encounter; and

f.  For treble damages pursuant to Cal Civ. Code. §3345.

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
Negligence

46. Plaintiff realleges all allegations heretofore set forth.

47. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

48. Defendant breached this duty.

49. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

50. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

51. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

52. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

53. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

54. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

55. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

56. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

57. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

58. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

59. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

60. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

61. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

62. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

63. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

64. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

65. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and/or belief.

RESPECTFULLY SUBMITTED this 27th day of November 2018

PETER STROJNIK

Plaintiff

**ADDENDUM A**

| ADA VIOLATIONS |
| --- |
| 3RD PARTY BOOKING WEBSITE - HOTELS.COM |

**Le Meridien Delfina Santa Monica**
530 Pico Blvd, Santa Monica, CA, 90405, United States, 866-538-6261

4-star

- Ocean Park
- 0.9 miles to City center
- 6.6 miles to Los Angeles Intl. (LAX)
- Collect nights

Very Good 8.4
424 Hotels.com guest reviews
1,523 reviews

We have 3 left at
**$514**
✓ free cancellation
✓ pay now or at hotel
**Choose Room**

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6 -8.

**Main amenities**
- ✓ 310 smoke-free guestrooms
- ✓ Near the beach
- ✓ Restaurant and bar/lounge
- ✓ Outdoor pool
- ✓ Breakfast available
- ✓ 24-hour fitness center
- ✓ Conference center
- ✓ 24-hour front desk
- ✓ Air conditioning
- ✓ Daily housekeeping
- ✓ Front desk safe
- ✓ ATM/banking services
- ✓ Free WiFi and free parking

**For families**
- ✓ Cribs/infant beds (surcharge)
- ✓ Rollaway/extra beds (surcharge)
- ✓ Connecting/adjoining rooms available
- ✓ Private bathroom
- ✓ Premium TV channels
- ✓ Daily housekeeping

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

About Le Meridien Delfina Santa Monica, Santa Monica

Comfy beds, resort-style amenities a half-mile from beach

**Hillside retreat**
Le Meridien Delfina Santa Monica is about a 15-minute walk from Santa Monica Pier as well as Third Street Promenade shops. A hillside location affords Pacific Ocean views and is echoed by the hotel's nautical decor. The hotel's free valet parking is an L.A. rarity.

**Walker's paradise**
The hotel is well-suited to a car-free stay. The beach, civic center, shopping, and galleries are all within a mile of the hotel, and the Museum of Art is about 2 miles inland. You can rent a bike at the hotel, pedal toward the beach, and follow your whims.

**Cruise into fitness, food**
As they enter the hotel between ship's rails, guests may feel like they're on a pleasure cruise. Hotel amenities are impressive, with an outdoor pool, 24-hour fitness center, and business facilities. Onsite Link Cafe has free WiFi, plus meals with California-grown ingredients.

**Sweet dreams**
In a palette of deep-sea blues and greens, guestrooms feature Sweet Sleeper beds. Deluxe rooms have furnished balconies. All rooms offer large desk areas, premium TV channels, and game consoles. Complimentary Internet access in guestrooms is available.

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

Le Meridien Delfina Santa Monica, Santa Monica's small print

**Also known as**
- Delfina Meridien Santa Monica
- Santa Monica Sheraton
- See more

**Policies**

The property has connecting/adjoining rooms, which are subject to availability and can be requested by contacting the property using the number on the booking confirmation.

Pet-friendly rooms can be requested by contacting the property at the number on the booking confirmation.

Parties and events are allowed on side. Please note that cultural norms and guest policies may differ by country and by property. The policies listed are provided by the property.
The name on the credit card used at check-in to pay for incidentals must be the primary name on the guestroom reservation.

**Mandatory fees**

You'll be asked to pay the following charges at check in or check out:

- Resort fee: USD 33 per accommodation, per night

**Optional extras**

Rollaway beds are available for USD 25.00 per night

Breakfast costs between USD 15 and USD 30 per person (approximately)

Cribs/infant beds are available for USD 15.00 per night

Pets are allowed for an extra charge of USD 100 per pet, per stay (maximum USD 100 per stay)

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



**No Photos on Hotels.com**

**1ST PARTY BOOKING WEBSITE**

**https://www.marriott.com/hotels/travel/laxdm-le-meridien-delfina-santa-monica/?scid=bb1a189a-fec3-4d19-a255-54ba596febe2**

## Accessibility                                                        Close ∧

For more information call the general manager of the hotel.

| | | |
|---|---|---|
| Accessible guest rooms have a 32 inch wide opening | Meeting spaces | Route to accessible guest rooms is accessible |
| Business center entrance | Pathway to registration desk | Self-operating lifts or sloped entry |
| Fitness center entrance | Pool entrances | Service animals allowed for persons with disabilities |
| Main entrance | Registration desk | |
| | Restaurants and lounges | |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



**1 King Bed**

Guest room, 1 King

Check Rates

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



**Guest room**

2 Queen

Check Rates

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2 Queen Beds

Guest room, 2 Queen, City view, Balcony

Check Rates

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



**Guest room**

1 King

[Check Rates]

| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



**Guest room**

1 Queen

Check Rates

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



**1 Bedroom Suite**

1 King, Sofa bed, Ocean view

Check Rates

17

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



1 Bedroom Suite

1 Queen, High floor, Balcony

Check Rates

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |

1
2
3
4
5
6
7
8
9
10
11



Parlor

Sofa bed, Ocean view, High floor, Balcony



12
13
14

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersement of accessible rooms.

15
16
17

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

18

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

19
20
21
22
23
24
25
26



Exterior

27

**Identification of Specific Barrier in Plain Language:** No apparent marked passenger drop off zone.

28

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and

equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



Exterior

**Identification of Specific Barrier in Plain Language:** Inaccessible route with no apparent signage to accessible route.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



**Identification of Specific Barrier in Plain Language:** Improperly configured handrails.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

**BOOKING PROCEDURE**

View in a browser for up-to-date reservation information, or change language
English  Français  Español  Deutsch  中文(简体)  日本語  Italiano  Português  Русский
العربية  中文(繁体)  한국어  Polski  Türkçe  Nederlands  Bahasa (I)  ภาษาไทย

## LE MÉRIDIEN DELFINA SANTA MONICA

*Le* MERIDIEN

530 Pico Boulevard
Santa Monica, California 90405 United States
Phone: (1)(310) 399-9344 Fax: (1)(310) 399-2504



- Contact Us >
- Guest Rooms & Amenities >
- Hotel Services >
- Restaurants & Lounges >
- Local Area >
- Driving Directions >
- Meeting & Event Facilities >

Welcome Back Mr. Strojnik.

Your reservation is confirmed. 892657879

Please let us know if there is anything we can do to
help unlock a unique experience in Santa Monica
and make your stay more inspiring.

Sincerely,

Deepak Mehra
General Manager

Stay Connected

  

Confirmation: 892657879

21

**Your Schedule:**

Check In  08-NOV-2018 - 3:00 PM *
Check Out  09-NOV-2018 - 11:00 AM *
Number of  1
Rooms
Number of  2
Guests
* Indicates standard hotel check-in and
check-out times and does not reflect special
arrangements made with the hotel.
**Please do not reply to this e-mail.** It is a
post-only email and responses will not be
monitored. If you need to modify or cancel
your reservation, please refer to the
disclosure section below for additional
instructions.

**Your Accommodations: Room 1 Of 1**

Guest Name          PETER STROJNIK
Number of Adults    2
Number of Children  0

Room Description
Classic Accessible: 2 Queen Beds

- 392 sq ft/36 sq m
- Tub With Grab Bars
- Non-smoking Room
- 40 Inch Lcd Tv
- 2 Free Illy Coffee Coupons
- Smoke-free
- Accessible features

**Your Rate**

Rate Details
Flexible Rate
Please See Terms & Details Link For Cancellation
Policy.

| | Avg Est Room Total per Night* | Est Total for Your Stay* 1 Room, 1 Night |
|---|---|---|
| Room Rate | USD 309.00 | USD 309.00 |

Room rate excludes the following:

| | | |
|---|---|---|
| Destination Fee: USD 33.00 Per Room / Per Night | USD 33.00 | USD 33.00 |
| Occupancy: 14.20 % Per Room / Per Night | USD 43.88 | USD 43.88 |
| Tourism Fee: USD 4.50 Per Room / Per Night | USD 4.50 | USD 4.50 |
| Des Occ Tax: USD 4.69 Per Room / Per Night | USD 4.69 | USD 4.69 |
| Estimated Total*: | USD 395.07 | USD 395.07 |

* The displayed totals are estimates only and do not include any additional charges that may be incurred at the hotel. The actual total will be calculated by the hotel in its local currency, based on the local taxes and currency exchange rate (if applicable) in effect at the time charging occurs.

**Guarantee Rules**
Your room is guaranteed with a(n) AMEX / OPTIMA card.

**Cancellation Details**

Too late to cancel -a 1 Night penalty will be applied. There may be additional applicable charges and taxes.

Debit and Credit cards will be authorized at check-in for the amount of your stay, plus an amount to cover incidentals. Please visit "Announcements" on the hotel website for more information.

**Your Privacy**

If you believe this reservation was made in error, please contact us as soon as possible.

Please note: For security purposes, you will be asked to provide a valid government or state-issued photo ID at check-in.

This email may contain links to websites that collect personally identifiable information about you. Marriott International, Inc. is not responsible or liable for the actions of such independent websites, and encourages you to review the privacy statements and policies of such websites to understand how they collect, use and store such information.

Click here for our Privacy Statement.

**Modify and Cancel Information**
To view, change or cancel your reservation, please visit lemeridien.com. Any modification to a reservation is subject to the hotel's availability at the time the modification is requested and may change the rate and/or require payment of cancellation fees. If you require further assistance, please contact Le Méridien at 800-543-4300 if you are calling from the United States or Canada. Otherwise, click here for the telephone number of the Worldwide Reservation Office nearest you. Please note that reservations cannot be changed or canceled via email.

**Guarantee Rules**
For reservations guaranteed with a form of payment at time of booking, rooms are held until hotel check-out time the day following arrival. For reservations not guaranteed with a form of payment at time of booking, rooms are held until set cancellation time per the rules of the reservation. In the event more guests arrive than can be accommodated due to hotel overbooking or an unforeseen circumstance, and hotel is unable to hold rooms consistent with this room hold policy, hotel will attempt to accommodate guests, at its expense, at a comparable hotel in the area for the oversold night(s), and will pay for transportation to that hotel.

**Package Handling Policy**
There is a package handling fee for all incoming and outbound packages. Please contact the hotel directly for the exact fee.

**Smoking Policy**
All guest rooms and public spaces are 100% non-smoking. Please contact the hotel for further information.

**Exchange Rate**
For non-US hotels, rates confirmed in USD may be converted to local currency by the hotel at your time of stay, based on the exchange rate used by the hotel and are subject to exchange rate fluctuations. Credit card charges are subject to additional currency conversions by banks or credit card companies, which are not within the hotel's control and may impact the amount charged to your credit card. Please contact the hotel if you have any questions.

**Rate/Reservation Validity**
Please note that electronic reservation confirmations are provided to you solely for your convenience and that we retain official records of our reservation transactions, including details of dates of stay and room rates. In the event of discrepancies, alterations, modifications, or variations between this confirmation and our official records, our official records shall control. Tampering with this confirmation to alter the room rate, or any other reservation information is strictly prohibited and may have legal consequences.

**Early Departure**
Many Starwood hotels have an early departure fee. When you check-in, you will be asked to confirm your departure date. You may be able to change your departure date without a penalty if your rate plan permits and if you do so before the end of your arrival day. After reconfirming your departure date, if you decide to leave earlier, you may be charged the early departure fee. Please contact the hotel if you have any questions.

**EMV/Chip & PIN Credit Card Policy**
Please be aware this hotel is EMV/Chip & PIN ready and your credit card's PIN may be necessary for you to check-in to the hotel. If you are not aware of the PIN for your chip credit card, or you are unsure if your card requires a PIN, please contact the financial institution that issued your credit card for clarity and to secure your PIN.

**PERSONAL OBSERVATIONS**

1
2
3
4
5
6
7
8
9



2018-11-08 15.36.34

10 **Identification of Specific Barrier in Plain Language:** No mared passenger drop off area.

11 **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

12

13

14 **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

15
16
17
18
19
20
21
22



2018-11-08 15.36.35

23 **Identification of Specific Barrier in Plain Language:** Excesive slope.

24 **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

25

26

27 **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.

28



2018-11-08 15.47.17

2018-11-08 15.47.28

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** Inaccessibe vheck in counter. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. | |



2018-11-08 15.47.39

**Identification of Specific Barrier in Plain Language:** Inaccessible seating area.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 15.47.50

**Identification of Specific Barrier in Plain Language:** Inaccessibe bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 15.48.02

2018-11-08 15.48.11

| **Identification of Specific Barrier in Plain Language:** No fixed pool lift. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



2018-11-08 15.48.46

**Identification of Specific Barrier in Plain Language:** Inaccessibe area wih no signage to accessible route.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 15.48.57

**Identification of Specific Barrier in Plain Language:** Inaccessible business work area.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 15.51.32

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Door to vending less than 5s to close from 90°. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



2018-11-08 15.55.51

| |
|---|
| **Identification of Specific Barrier in Plain Language:** More than 5lbs to open door to room. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



2018-11-08 15.56.47

**Identification of Specific Barrier in Plain Language:** Door to room less than 5s to close.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 15.57.45

**Identification of Specific Barrier in Plain Language:** Strike force from open to close more than 50lbs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.00.05

**Identification of Specific Barrier in Plain Language:** Reflecting surface 43" high.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.01.37

**Identification of Specific Barrier in Plain Language:** Security latch to balcony over 48" high.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.02.53

**Identification of Specific Barrier in Plain Language:** No on off controls on spray unit.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.04.37

**Identification of Specific Barrier in Plain Language:** Hot water over 120°F.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.11.07

**Identification of Specific Barrier in Plain Language:** No pool lift on heated pool.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8.



2018-11-08 16.23.59

34



2018-11-08 16.24.03

| **Identification of Specific Barrier in Plain Language:** Light control too high. |
| --- |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from** visiting the Hotel: Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |



2018-11-09 08.18.17

| **Identification of Specific Barrier in Plain Language:** Inaccessible continental breakfast bar. |
| --- |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from** visiting the Hotel: Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about November 6-8. |

1

**END**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Peter Strojnik, Esq.
Strojnik, P.C.
2375 E. Camelback Road, Ste 600
Phoenix, Arizona 85016

CLERK OF THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
FIRST STREET U.S. COURTHOUSE
350 WEST 1ST STREET, SUITE 4311
LOS ANGELES, CA  90012-5565

NOV 3 0 2018

**EXPECTED DELIVERY DAY:** 12/01/18

**USPS TRACKING NUMBER**



9505 5126 9088 8332 2297 51



0001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE®**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.